AIDAN BUTLER (SBN 208399)
ATTORNEY AT LAW
3435 Wilshire Blvd. Suite 2920
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff RYAN D. BLACKMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN D. BLACKMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LEASECOMM CORPORATION, a Massachusetts Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: <br> CV08-01844 GAF AJWx <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, UNFAIR BUSINESS PRACTICES, AND FOR DECLARATORY RELIEF. <br><br> DEMAND FOR JURY TRIAL |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this court arises under 15 U.S.C. §§ 1681p, 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Los Angeles county, which is located within this District.

2. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u [hereinafter "FCRA"]), in connection with

a defaulted debt, that does not belong to Plaintiff. Plaintiff seeks actual damages, statutory and punitive damages, and to the extent possible, injunctive and declaratory relief.

## II. THE PARTIES.

3. The plaintiff RYAN D. BLACKMAN ("Plaintiff"), is a natural person who, at all times relevant herein, resided Santa Monica, which is located in Los Angeles County, California.

4. Upon information and belief, defendant LEASECOMM CORPORATION (hereinafter "LC"), a Massachusetts corporation, had, at all times relevant to this complaint, its principal place of business at 10M Commerce Way in Woburn, Massachusetts 01810.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

## III. FACTUAL ALLEGATIONS.

7. On or around May 9, 2002, Plaintiff entered into a lease agreement with LC

1 | pursuant to which LC was to provide a "virtual terminal" through which Plaintiff
2 | could accept credit card payments on-line through his website. In return, Plaintiff
3 | was to pay $69.00 per month for the "virtual terminal."

4 | 8. Without Plaintiff's request or consent, LC caused to be delivered to
5 | Plaintiff a mechanical credit card processing machine. Plaintiff immediately
6 | notified LC that this was not what he contracted for, and demanded that LC retrieve
7 | the equipment from him.

8 | 9. After repeated attempts to secure LC's cooperation, Plaintiff notifed LC of
9 | their breach and, based thereon, terminated the lease, refusing to make any payments
10 | to LC.

11 | 10. Despite their conduct breaching the agreement and Plaintiff's reasonable
12 | notice of termination, LC attempted to collect from Plaintiff on the contract by, inter
13 | alia, reporting negative information to credit reporting agencies, thus damaging
14 | Plaintiff's credit rating, and even filing a collection lawsuit in Massachusetts
15 | (Newton Division, Middlesex County civil action number 0312CV1259). Plaintiff
16 | had never lived in Massachusetts, and did not enter into the contract in
17 | Massachusetts.

18 | 11. By filing the aforementioned lawsuit against Plaintiff in Massachusetts,
19 | LC violated a Stipulated Final Judgment and Order issued in case number 03-11034-
20 | REK, from the U.S. District Court for the District of Massachusetts, brought against
21 | LC by the Federal Trade Commission. The Order strictly prohibited LC from, inter
22 | alia, engaging in precisely the sort of distant-forum practice which LC employed
23 | against Plaintiff.

24 | 12. After LC reported Plaintiff's alleged debt to credit reporting agencies –
25 | despite knowing that Plaintiff had validly and properly terminated the contract based
26 | upon LC's own failure to perform – Plaintiff disputed the alleged debt directly to LC,
27 | and sought verification of the alleged debt under the FCRA. Despite knowing that
28 | the debt was invalid, LC verified the debt.

## FIRST CLAIM FOR RELIEF

(For Violations of the FCRA Against LC and DOES 1 through 5, inclusive)

13. Plaintiff repeats and reincorporates by reference the paragraphs 7 through 12 above.

14. Plaintiff is a "consumer," as defined by FCRA § 603, codified at 15 U.S.C. § 1681a(c).

15. LC is a "person," as defined by FCRA § 603, codified at 15 U.S.C. § 1681a(b).

16. Experian is a "consumer reporting agency," as defined by FCRA § 603, codified at 15 U.S.C. § 1681a(f).

17. LC has, continuously since around 2003, reported false information to credit reporting agencies such as Experian in an attempt to leverage Plaintiff into settling with them on a debt which is not valid.

18. Plaintiff properly disputed and requested verification of the alleged debt by written communication with Experian and/or other credit reporting agencies.

19. Despite knowing – or having reasonable cause to know – that Plaintiff's debt was invalid, LC verified the debt.

20. Despite knowing that Plaintiff disputed the debt, LC failed to report that the debt was disputed.

21. Under 15 U.S.C. §1681o, LC is liable to Plaintiff for attorney's fees, costs, and actual damages.

22. Further, inasmuch as LC's violations of the FCRA were willful, LC is liable for statutory damages, punitive damages, costs, and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Federal, State, and Common Law Unfair Business Practices Against LC and DOES 1 through 5, inclusive)

23. Plaintiff repeats and reincorporates by reference the paragraphs 7 through 12 above.

24. LC's above-described actions constitute unfair business practices, including under California state law (including Business and Professions Code §§17200 et seq.) and common law.

25. Such actions taken by LC are in violation of the law, and Plaintiff is entitled to various remedies including preliminary and permanent injunctive relief, as well as damages, and defendants' profits.

26. Defendants' conduct, as alleged herein, is causing Plaintiff irreparable harm, which cannot be adequately compensated or measured monetarily, and thus should be permanently enjoined.

### THIRD CLAIM FOR RELIEF
(For Violations of Declaratory Relief Against LC and DOES 1 through 5, inclusive)

27. Plaintiff repeats and reincorporates by reference the paragraphs 7 through 12 above.

28. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of LC and DOES 1 through 5, inclusive, as described above, constituted an unfair business practice, as well as a willful and/or negligent violation of the Fair Credit Reporting Act, as well as willful contempt of the Stipulated Final Judgment and Order issued in case number 03-11034-REK. Conversely, LC and DOES 1-5 contend that their actions are consistent with all applicable laws.

29. A judicial declaration that the conduct of defendants LC and DOES 1-5 violates the FCRA, as well as the Order issued by the Court in case number 03-11034-REK, is now just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. For statutory damages, pursuant to 15 U.S.C. section 1581n;

2. For actual damages, pursuant to 15 U.S.C. section 1581o;

3. For costs and reasonable attorney's fees, pursuant to 15 U.S.C. sections 1581n and 1581o;

4. For general damages, in an amount subject to proof at trial;

6. For declaratory and injunctive relief; and

7. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff RYAN D. BLACKMAN requests a trial by jury.

DATED: February 20, 2008                          Respectfully submitted,

                                                  By: _____
                                                      AIDAN BUTLER
                                                      Attorney for Plaintiff
                                                      RYAN D. BLACKMAN